# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANJIT GANGULI, as Independent Administrator of the Estates of MUKTESH MUKHERJEE, Deceased, and XIAOMO BAI, Deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>MALAYSIA AIRLINES BERHAD and MALAYSIAN AIRLINES SYSTEM BERHAD, )<br><br>Defendants. ) | No.<br><br>**Plaintiff demands trial by jury.** |

## COMPLAINT AT LAW

Plaintiff, SANJIT GANGULI, as Independent Administrator of the Estate of MUKTESH MUKHERJEE, Deceased, and as Independent Administrator of the Estate of XIAOMO BAI, Deceased, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, MALAYSIA AIRLINES BERHAD (hereinafter "MAB") and MALAYSIAN AIRLINES SYSTEM BERHAD (hereinafter "MASB"), states as follows:

## PARTIES

1. Plaintiff, SANJIT GANGULI, is a citizen of the United States and resident of the State of Virginia.

2. At the time of his death, MUKTESH MUKHERJEE was a permanent resident of the United States and had/maintained a principal and permanent residence in Chicago, Illinois, where, among other things, he owned a condominium, maintained a storage locker, held an Illinois driver's license, and maintained a safety deposit box and bank accounts.

3. At the time of her death, XIAOMO BAI was a permanent resident of the United States and had/maintained her principal and permanent residence in Chicago, Illinois, where,

among other things, she owned a condominium, maintained a storage locker, held an Illinois driver's license, and maintained a safety deposit box and bank accounts.

4. At the time of their deaths MUKTESH MUKHERJEE and XIAOMO BAI were lawfully wedded.

5. At the time of their deaths MUKTESH MUKHERJEE and XIAOMO BAI left surviving them two minor children, Miles Jiaxin Mukherjee and Mirav Qiao Hui Mukherjee, as their heirs at law. Miles and Mirav were both born at Northwestern Memorial Hospital in Chicago, Illinois and are citizens of the United States.

6. Plaintiff, SANJIT GANGULI, is the Independent Administrator of the Estate of MUKTESH MUKHERJEE, Deceased, having been duly appointed as such by the Circuit Court of Cook County on August 11, 2014. He brings this action as the Independent Administrator of the Estate of MUKTESH MUKHERJEE, Deceased, and on behalf of each and every beneficiary, survivor, and heir of MUKTESH MUKHERJEE, Deceased, upon applicable law.

7. Plaintiff, SANJIT GANGULI, is the Independent Administrator of the Estate of XIAOMO BAI, Deceased, having been duly appointed as such by the Circuit Court of Cook County on August 11, 2014. He brings this action as the Independent Administrator of the Estate of XIAOMO BAI, Deceased, and on behalf of each and every beneficiary, survivor, and heir of XIAOMO BAI, Deceased, upon applicable law.

8. At all times relevant hereto, Defendants, MAB and MASB, were airline carriers for hire.

9. Defendant, MAB (formerly known as MASB) is a corporation which, upon information and belief, is domiciled and organized under the laws of Malaysia with its principal offices in Malaysia. Defendant, MAB (formerly known as MASB) conducts systematic and

continuous business in the United States from, *inter alia*, offices at numerous United States locations, including but not limited to: (a) 1111 E. Touhy Ave., Suite 232, Des Plaines, Illinois 60018; (b) 500 Continental Boulevard, Suite 100, El Segundo, California, 90245; (c) 147 West 35th Street, Suite 1505, New York, New York 10001; and (d) 3050 Post Oak Boulevard, Suite 1320, Houston, Texas 77056. (See http://www.malaysiaairlines.com/my/en/contact.html/).

## JURISDICTION AND VENUE

10. At all times alleged herein, Malaysia was a party to the international treaty for the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (hereinafter "Montreal Convention"), having acceded on December 31, 2007 and taking effect on February 29, 2008.

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The claim of Plaintiff SANJIG GANGULI, as Independent Administrator of the Estates of MUKTESH MUKHERJEE and XIAMO BAI arises under an international treaty, the Montreal Convention or one of its predecessor conventions.

12. The Montreal Convention confers jurisdiction to United States courts for aviation incidents where the airline has a place of business through which the contract has been made in the United States. See Art. 33(1) of the Montreal Convention.

13. On information and belief, the ticket for international carriage by air of Plaintiff's Decedents, MUKTESH MUKHERJEE and XIAMO BAI, was purchased in the United States through a travel company named Corporate Travel America located in Pittsburgh, Pennsylvania.

14. The Montreal Convention confers jurisdiction to the United States for aviation incidents where the deceased passenger had his/her principal and permanent residence in the United States and where the airline operates services for carriage of passengers by air, either on

its own aircraft or on another carrier's aircraft pursuant to an agreement with other carriers in the Unites States. See Art. 33(2) of the Montreal Convention.

15. At all times alleged herein, Defendants, MAB and MASB, intentionally and purposely operated services of passengers by air in the United States, including in the State of Illinois and in this Judicial District as well as other cities in the United States, either by itself or through commercial agreements with other carriers, including American Airlines, and through an Illinois office located in the City of Des Plaines and other offices as identified in paragraph 13, above.

16. On January 29, 2015, Defendant, MAB and/or MASB, announced the incident out of which this case arises was an "accident" and further stated:

> The Government of Malaysia assures that Malaysia Airlines will undertake their responsibilities in relation to the legitimate rights and interests of the next-of-kin as provided under the relevant international instruments and relevant domestic laws, with due consideration to international practice. This includes the fulfillment of the compensation process, whether it is pursued through consultation or through litigation. We further understand that Malaysia Airlines is ready to proceed immediately with the compensation process, with due regard for the readiness of the next-of-kin to take this step.

> See *Press Statement by Director General of Department of Aviation on 29 January 2015, 6.00 pm*, available at http://www.malaysiaairlines.com/content/dam/malaysia-airlines/mas/PDF/MH370/Announcement_of_MH370_by_DOA_english.pdf.

17. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff, SANJIT GANGULI, is a citizen of the United States. Defendants, MAB and MASB are corporations organized under the laws of Malaysia with its principal offices in Malaysia.

18. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

19. Venue is properly based on 28 U.S.C. § 1391(f)(3) because at all times relevant hereto, Defendants, MAB and/or MASB, were doing business in this District through an Illinois

office located in the City of Des Plaines and through commercial agreements with other carriers located in this District.

20. Venue is also properly based on Article 33 of the Montreal Convention because the principal and permanent residence of Plaintiff's decedents was Chicago, Illinois and Defendants, MAB and/or MASB, operate services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement.

## GENERAL ALLEGATIONS

21. On and before March 8, 2014, Defendant, MAB or MASB, owned, managed, maintained, scheduled, supervised and/or operated a Boeing 777-2H6ER, serial number 28420, and bearing a registration number of 9M-MRO ("aircraft").

22. On March 8, 2014, the aircraft was listed as Malaysia Airlines Flight 370 and was scheduled to fly as an international flight from Kuala Lumpur, Malaysia to Beijing, China.

23. On March 8, 2014, Plaintiff's decedents, MUKTESH MUKHERJEE and XIAOMO BAI, were fare-paying passengers on board the international Flight 370.

24. On March 8, 2014, the international Flight 370 was over the South China Sea when it lost contact with ground control and soon after disappeared.

25. On August 11, 2014, the Circuit Court of Cook County entered an order declaring the death of MUKTESH MUKHERJEE.

26. On August 11, 2014, the Circuit Court of Cook County entered an order declaring the death of XIAOMO BAI.

27. As a direct and proximate result of the conduct of Defendants, MAB or MASB, both MUKTESH MUKHERJEE and XIAOMO BAI sustained injuries which resulted in their

deaths, and their beneficiaries, heirs and survivors have incurred funeral, burial, travel, and related expenditures.

28. As a direct and proximate result of the conduct of Defendants, MAB or MASB, both MUKTESH MUKHERJEE and XIAOMO BAI died and their beneficiaries, including without limitation, their two minor children, Miles Jiaxin Mukherjee and Mirav Qiao Hui Mukherjee, have been damaged and will continue to be deprived of their future services, companionship, guidance, increased inheritance and support, and have sustained and will continue to sustain other economic and pecuniary losses, non-pecuniary losses as well as all other compensable/available damages under applicable law.

29. Plaintiff's decedents, MUKTESH MUKHERJEE and XIAOMO BAI, in no way contributed to or caused the disappearance of Flight 370, or their injuries or death.

## COUNT I – MALAYSIAN AIRLINES SYSTEM BERHAD – MONTREAL CONVENTION – MUKTESH MUKHERJEE

30. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. On information and belief, at the time of his injury and death, Plaintiff's decedent, MUKTESH MUKHERJEE, was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17, and 33 and all other relevant provisions and Articles of the Montreal Convention.

32. At all times relevant hereto, Defendant, MASB and/or MAB, was the carrier who was providing international carriage by air to Plaintiff's Decedent, MUKTESH MUKHERJEE, under the terms of the Montreal Convention.

33. Article 17(1) of the Montreal Convention states:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

34. The disappearance of Fight 370 on March 8, 2014 was an "accident" within the meaning of Article 17(1) of the Montreal Convention. Defendant, MASB, has declared it as such. (See paragraph 16, above).

35. As a direct and proximate result of the aforesaid accident, Plaintiff's decedent, MUKTESH MUKHERJEE, sustained injuries which resulted in his death.

36. As a direct and proximate result of the aforesaid accident, damages resulted to Plaintiff, to the Estate and to MUKTESH MUKHERJEE's minor children and all other beneficiaries, survivors and heirs under applicable law, and caused pre-impact terror, pain, suffering, injuries and death to MUKTESH MUKHERJEE. As a result, the distributes and loving survivors of MUKTESH MUKHERJEE have suffered pecuniary loss, and non-pecuniary loss, and have incurred funeral expenses, and have suffered a loss of the pecuniary benefits and non-pecuniary benefits they had a reasonable right to expect had MUKTESH MUKHERJEE survived, including but not limited to the loss of his society, consortium, companionship, services, support, grief and sorrow, as well as possible inheritance and any other damages under the Montreal Convention or other applicable law.

37. Defendant, MASB, is strictly liable for the injuries the Plaintiff has sustained in the course of international carriage by air under the terms of the Montreal Convention.

38. Defendant, MASB, may not limit its liability for the first 113,000 Special Drawing Rights for each passenger of Flight 370, including MUKTESH MUKHERJEE. See Art. 21(1) of the Montreal Convention.

39. For liability in amounts exceeding 113,000 Special Drawing Rights, Defendant, MASB, has the burden to prove the death of MUKTESH MUKHERJEE was not caused by its negligence or other wrongful act or omission. See Art. 21(2) of the Montreal Convention.

## COUNT II – MALAYSIAN AIRLINES SYSTEM BERHAD – MONTREAL CONVENTION – XIAOMO BAI

40. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

41. On information and belief, at the time of her injury and death, Plaintiff's decedent, XIAOMO BAI, was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17, and 33 and other relevant Articles of the Montreal Convention.

42. At all times relevant hereto, Defendant, MASB and/or MAB, was the carrier who was providing international carriage by air to Plaintiff's Decedent, XIAOMO BAI, under the terms of the Montreal Convention.

43. Article 17(1) of the Montreal Convention states:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

44. The disappearance of Fight 370 on March 8, 2014 was an "accident" within the meaning of Article 17(1) of the Montreal Convention. Defendant, MASB, has declared it as such. (See paragraph 16, above).

45. As a direct and proximate result of the aforesaid accident, Plaintiff's decedent, XIAOMO BAI, sustained injuries which resulted in her death.

46. As a direct and proximate result of the aforesaid accident, damages resulted to Plaintiff, to the Estate and to XIAOMO BAI's minor children and all other beneficiaries, survivors and heirs under applicable law, and caused pre-impact terror, pain, suffering, injuries and death to XIAOMO BAI. As a result, the distributes and loving survivors of XIAOMO BAI have suffered pecuniary loss, and non-pecuniary loss, and have incurred funeral expenses, and have suffered a loss of the pecuniary benefits and non-pecuniary benefits they had a reasonable right to expect had XIAOMO BAI survived, including but not limited to the loss of her society, consortium, companionship, services, support, grief and sorrow, as well as possible inheritance and any other damages under the Montreal Convention or other applicable law.

47. Defendant, MASB, is strictly liable for the injuries the Plaintiff has sustained in the course of international carriage by air under the terms of the Montreal Convention.

48. Defendant, MASB, may not limit its liability for the first 113,000 Special Drawing Rights for each passenger of Flight 370, including XIAOMO BAI. See Art. 21(1) of the Montreal Convention.

49. For liability in amounts exceeding 113,000 Special Drawing Rights, Defendant, MASB, has the burden to prove the death of XIAOMO BAI was not caused by its negligence or other wrongful act or omission. See Art. 21(2) of the Montreal Convention.

## COUNT III – MALAYSIA AIRLINES BERHAD – MONTREAL CONVENTION – MUKTESH MUKHERJEE

50. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

51. On information and belief, at the time of his injury and death, Plaintiff's decedent, MUKTESH MUKHERJEE, was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17, and 33 and other relevant Articles of the Montreal Convention.

52. At all times relevant hereto, Defendant, MAB and/or MASB, was the carrier who was providing international carriage by air to Plaintiff's Decedent, MUKTESH MUKHERJEE, under the terms of the Montreal Convention.

53. Article 17(1) of the Montreal Convention states:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

54. The disappearance of Fight 370 on March 8, 2014 was an "accident" within the meaning of Article 17(1) of the Montreal Convention. Defendant, MAB, has declared it as such. (See paragraph 16, above).

55. As a direct and proximate result of the aforesaid accident, Plaintiff's decedent, MUKTESH MUKHERJEE, sustained injuries which resulted in his death.

56. As a direct and proximate result of the aforesaid accident, damages resulted to Plaintiff, to the Estate and to MUKTESH MUKHERJEE's minor children and all other beneficiaries, survivors and heirs under applicable law, and caused pre-impact terror, pain,

suffering, injuries and death to MUKTESH MUKHERJEE. As a result, the distributes and loving survivors of MUKTESH MUKHERJEE have suffered pecuniary loss, and non-pecuniary loss, and have incurred funeral expenses, and have suffered a loss of the pecuniary benefits and non-pecuniary benefits they had a reasonable right to expect had MUKTESH MUKHERJEE survived, including but not limited to the loss of his society, consortium, companionship, services, support, grief and sorrow, as well as possible inheritance and any other damages under the Montreal Convention or other applicable law.

57. Defendant, MAB, is strictly liable for the injuries the Plaintiff has sustained in the course of international carriage by air under the terms of the Montreal Convention.

58. Defendant, MAB, may not limit its liability for the first 113,000 Special Drawing Rights for each passenger of Flight 370, including MUKTESH MUKHERJEE. See Art. 21(1) of the Montreal Convention.

59. For liability in amounts exceeding 113,000 Special Drawing Rights, Defendant, MAB, has the burden to prove the death of MUKTESH MUKHERJEE was not caused by its negligence or other wrongful act or omission. See Art. 21(2) of the Montreal Convention.

## **COUNT IV – MALAYSIA AIRLINES BERHAD – MONTREAL CONVENTION – XIAOMO BAI**

60. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

61. On information and belief, at the time of her injury and death, Plaintiff's decedent, XIAOMO BAI, was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17, and 33 and other relevant Articles of the Montreal Convention.

62. At all times relevant hereto, Defendant, MAB and/or MASB, was the carrier who was providing international carriage by air to Plaintiff's Decedent, XIAOMO BAI, under the terms of the Montreal Convention.

63. Article 17(1) of the Montreal Convention states:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

64. The disappearance of Fight 370 on March 8, 2014 was an "accident" within the meaning of Article 17(1) of the Montreal Convention. Defendant, MAB, has declared it as such. (See paragraph 16, above).

65. As a direct and proximate result of the aforesaid accident, Plaintiff's decedent, XIAOMO BAI, sustained injuries which resulted in her death.

66. As a direct and proximate result of the aforesaid accident, damages resulted to Plaintiff, to the Estate and to XIAOMO BAI's minor children and all other beneficiaries, survivors and heirs under applicable law, and caused pre-impact terror, pain, suffering, injuries and death to XIAOMO BAI. As a result, the distributes and loving survivors of XIAOMO BAI have suffered pecuniary loss, and non-pecuniary loss, and have incurred funeral expenses, and have suffered a loss of the pecuniary benefits and non-pecuniary benefits they had a reasonable right to expect had XIAOMO BAI survived, including but not limited to the loss of her society, consortium, companionship, services, support, grief and sorrow, as well as possible inheritance and any other damages under the Montreal Convention or other applicable law.

67. Defendant, MAB, is strictly liable for the injuries the Plaintiff has sustained in the course of international carriage by air under the terms of the Montreal Convention.

68. Defendant, MAB, may not limit its liability for the first 113,000 Special Drawing Rights for each passenger of Flight 370, including XIAOMO BAI. See Art. 21(1) of the Montreal Convention.

69. For liability in amounts exceeding 113,000 Special Drawing Rights, Defendant, MAB, has the burden to prove the death of XIAOMO BAI was not caused by its negligence or other wrongful act or omission. See Art. 21(2) of the Montreal Convention.

**WHEREFORE,** Plaintiff demands judgment as follows:

A. All available damages for wrongful death for the pecuniary losses, non-pecuniary losses, and all other available damages suffered and to be suffered by Miles Jiaxin Mukherjee and Mirav Qiao Hui Mukherjee for the death of Muktesh Mukherjee and all other beneficiaries, survivors and heirs at law in an amount to be determined by a jury;

B. All available damages for the injuries and losses sustained by Muktesh Mukherjee before he died;

C. Funeral expenses arising from the death of Muktesh Mukherjee;

D. Damages arising from pre-impact pain and suffering, mental terror and mental anguish of Muktesh Mukherjee, deceased;

E. All available damages for wrongful death for the pecuniary losses, non-pecuniary losses, and all other available damages suffered and to be suffered by Miles Jiaxin Mukherjee and Mirav Qiao Hui Mukherjee for the death of Xiaomo Bai and all other beneficiaries, survivors and heirs at law in an amount to be determined by a jury;

F. Compensatory damages for the injuries and losses sustained by Xiaomo Bai before she died;

G. Funeral expenses arising from the death of Xiaomo Bai;

    **H.** Damages arising from pre-impact pain and suffering, mental terror and mental anguish of Xiaomo Bai, deceased;

    **I.** Any and all economic and non-economic and compensatory damages available under the Montreal Convention or any other applicable law;

    **J.** Costs and disbursements;

    **K.** That all issues of fact in this matter be determined by a jury; and

    **L.** Any such other relief as the Court deems proper.

                                                               S/ Kevin P. Durkin
                                                               One of the Attorneys
                                                               for Plaintiff

Kevin P. Durkin
Michael S. Krzak
Tracy A. Brammeier
Clifford Law Offices. P.C.
120 N LaSalle St, 3100
Chicago IL 60602
T: (312) 899-9090
F: (312) 251-1160
KPD@cliffordlaw.com
MSK@cliffordlaw.com
TAB@cliffordlaw.com